IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| -v- | : | 05-CR- 6119 |
| | : | |
| | : | |
| PAGE ONE AUTO SALES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### PLEA AGREEMENT

The defendant, PAGE ONE AUTO SALES, INC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a three count Information charging violations of Title 26, United States Code, Sections 6050I and 7206(1), and 26 Code of Federal Regulations, Section 1.6050I-1 (filing false report relating to cash received in trade or business), each violation carrying a maximum possible fine of $500,000, together with the costs of prosecution, and a mandatory $400 special assessment. The defendant understands that the penalties set forth in this paragraph are the statutory maximum penalties that can be imposed by the Court at sentencing.

## II.   <u>SENTENCING GUIDELINES</u>

2.    The defendant understands that the Court in this case must consider, but is not bound by, the United States Sentencing Commission's Guidelines ("USSG" or "Guidelines").

## <u>NATURE OF THE CHARGE AND FACTUAL BASIS</u>

3.    The defendant acknowledges its understanding that the nature of the charges to which the defendant is pleading guilty is filing a false report relating to cash received in a trade or business, in violation of Title 26, United States Code, Sections 6050I and 7206(1), and 26 Code of Federal Regulations, Section 1.6050I-1, and that, if the case proceeded to trial, the government would be required to prove beyond a reasonable doubt:  (1) that the defendant caused to be made, and signed, a report on United States Treasury Department Internal Revenue Service Form 8300 that was false as to a material matter; (2) that the report contained a written declaration that it was made under the penalties of perjury; (3) that the defendant did not believe the report to be true and correct as to the material matters charged in the Information; and (4) that the defendant caused the report to be made and signed willfully.

-2-

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   At all times material, PAGE ONE AUTO SALES, INC. ("PAGE ONE"), was located at 1040 West Ridge Road, Rochester, New York, where it operated a retail used car dealership.  Among the individuals authorized to act on behalf of the corporation were Mark Palumbo, Robert Palumbo, Gary J. Palumbo and Gary Palumbo, Jr.

b.   On or about September 20, 2000, PAGE ONE did willfully make and subscribe a report on United States Treasury Department Internal Revenue Service Form 8300 concerning a cash payment of approximately $15,116 received on or about September 7, 2000, in connection with the purchase of a 1996 GMC Jimmy, VIN number 1GKDT13W0T2542436, which report was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service.  PAGE ONE knew said Form 8300 report was not true and correct as to every material matter in that the report falsely identified the payer as Kristine Black of Rochester, New York, whereas, as it then and there well knew and believed, PAGE ONE received the cash for the purchase of the 1996 GMC Jimmy from an individual other than Kristine Black. PAGE ONE knowingly filed this false Form 8300 report in order to assist in concealing or disguising the true identity of the purchaser of the vehicle.

c.   On or about October 17, 2000, PAGE ONE did willfully make and subscribe a report on United States Treasury Department Internal Revenue Service Form 8300 for a cash payment of approximately $16,995 received on or about October 11, 2000, in connection with the purchase of a 1997 Mazda MPV, VIN number JM3LV5235V0830040, which report was verified by a written declaration that it was made under the penalties of perjury and was filed with the

-3-

Internal Revenue Service.  PAGE ONE knew said Form 8300 report was not true and correct as to every material matter in that the report falsely identified the payer as Kristine Black of Rochester, New York, whereas, as it then and there well knew and believed, PAGE ONE received the cash for the purchase of the 1997 Mazda MPV from an individual other than Kristine Black. PAGE ONE knowingly filed this false Form 8300 report in order to assist in concealing or disguising the true identity of the purchaser of the vehicle.

d.   On or about November 5, 2002, PAGE ONE did willfully make and subscribe a report on United States Treasury Department Internal Revenue Service Form 8300 for a cash payment of approximately $23,226 received on or about October 23, 2002, in connection with the purchase of a 1998 Lincoln Navigator, VIN number 5LMPU28L2WLJ44033, which report was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service.  PAGE ONE knew said Form 8300 report was not true and correct as to every material matter in that the report falsely identified the payer as Jacqueline Durham of Buffalo, New York, whereas, as it then and there well knew and believed, PAGE ONE received the cash for the purchase of the 1998 Lincoln Navigator from an individual other than Jacqueline Durham.  PAGE ONE knowingly filed this false Form 8300 report in order to assist in concealing or disguising the true identity of the purchaser of the vehicle.

## BASE OFFENSE LEVEL

5.   The government and the defendant agree that Guidelines §§ 2S1.3(a)(2), 2B1.1(b)(1)(D) and 3D1.2(d) apply to the offenses of conviction and provide for a base offense level of 12.

-4-

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

6.    The government and the defendant agree that the following specific offense characteristic <u>does</u> apply:

> The two level increase pursuant to Guidelines § 2S1.3(b)(1)(A) (defendant knew or believed that the funds were proceeds of unlawful activity, or were intended to promote unlawful activity).

## ADJUSTED OFFENSE LEVEL

7.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is 14.

## DETERMINATION OF THE FINE

8.    The government and the defendant agree that Guidelines §§ 8C2.4(d), 8C2.5(a), 8C2.5(g)(2), and 8C2.6 apply to the offenses of conviction and provide for a base fine of $85,000, a culpability score of 3, a minimum multiplier of 0.60 and a maximum multiplier of 1.20.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.   It  is  the  understanding  of  the  government  and  the
defendant that, based upon the foregoing analysis, the defendant's
sentencing range would be a fine of **$51,000 to $102,000, together
with the costs of prosecution**, and a special assessment of **$1,200**.
Notwithstanding this, the defendant understands that at sentencing
the  defendant  is  subject  to  the  maximum  penalties  set  forth  in
Paragraph 1 of this agreement.

10.  Due  to  the  substantial  assistance  provided  to  the
government  by  the  defendant  in  the  investigation  of  other
individuals who have committed offenses, and notwithstanding the
above  calculations  of  the  applicable  Guidelines range, it is the
agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal
Rules of Criminal Procedure that the Court at the time of sentence
impose a fine of **$40,000** as part of the appropriate sentence in this
case.  Any departure in the sentence from the stipulated fine will
constitute a breach of the terms of this agreement allowing either
party  to  void  the  agreement.   All  other  terms  of  the  sentence,
including  the  amount  of  any  costs  of  prosecution  or  special
assessment, are understood by the defendant and the government to
be  left  to  the  Court  to  determine.   If,  after  reviewing  the
Presentence Report, the Court rejects this agreement regarding the

-6-

fine, the defendant shall then be afforded the opportunity to withdraw its pleas of guilty.

11. The defendant understands that, except as set forth in Paragraph 10 above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## III.   **STATUTE OF LIMITATIONS**

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any criminal prosecution which is not time-barred on the date of the filing of this agreement. This waiver by the defendant of any and all defenses based on the statute of limitations with respect to any prosecutions which are not time-barred on the date of the filing of this agreement shall be effective with respect to any prosecution brought within a period of six months following the date upon which the withdrawal of the defendant's guilty plea or vacating of the conviction becomes final.

## IV.   **GOVERNMENT RIGHTS AND RESERVATIONS**

13.   The defendant understands that the government has reserved the right to:

>     a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

>     b.   respond at sentencing to any statements made on the defendant's behalf that are inconsistent with the information and evidence available to the government;

>     c.   advocate for a specific sentence within the Guidelines range consistent with this agreement;

>     d.   modify its position with respect to any sentencing recommendation the government agreed to make or not oppose, or any sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor; and

>     e.   respond to and take positions on post-sentencing motions or requests for information which relate to post-sentencing treatment of the defendant.

14.   The defendant agrees that, as a condition of the plea, the fine amount of $40,000 is to be surrendered to the United States of America, in the form of cash, money order, or certified bank check only, prior to the imposition of sentence on the defendant.

-8-

15.   The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the filing of false reports relating to cash received in defendant's trade or business, committed up to the date of this agreement and about which the defendant has informed the government prior to signing this agreement.

16.   The defendant agrees to provide any financial records and information requested by the Probation Office and also agrees that such records or information provided by the defendant, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V.   **APPEAL RIGHTS**

17.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, **knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) or collaterally attack any component of the sentence** imposed by the Court which falls within or is less than the sentencing range set forth in Section II, Paragraphs 9-10 above,

-9-

notwithstanding the manner in which the Court determines the sentence.

18. The defendant understands that, by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the future in the event that the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of the sentence imposed by the Court which falls within or is greater than the sentencing range set forth in Section II, Paragraphs 9-10 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government otherwise reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## VI.  <u>TOTAL AGREEMENT AND AFFIRMATIONS</u>

20. This Plea Agreement is the entire agreement and understanding between the defendant, PAGE ONE AUTO SALES, INC., and

the government in this case.    There are no promises or representations made by anyone other than those contained in this agreement.    This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant in this case.

                              KATHLEEN M. MEHLTRETTER
                              Acting United States Attorney
                              Western District of New York

                    BY:    _Frank H. Sherman_____
                              FRANK H. SHERMAN
                              Assistant United States Attorney

                    Dated: _August 25_____, 2005


     The corporate defendant, PAGE ONE AUTO SALES, INC., by its attorney, Daniel J. Mastrella, Esquire, and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **Exhibit A**, hereby agrees to all the terms of this agreement. Furthermore, the defendant, PAGE ONE AUTO SALES, INC., acknowledges that all the terms of this agreement, which consists of 12 pages, have been explained to the Board of Directors.    The corporation has had a full opportunity to discuss this agreement with its attorney, Daniel J. Mastrella, Esquire.    The corporation states that it represents the total agreement reached between itself and the government.    No  promises or representations have been made to the corporation or any representative of the corporation other than what

                                   -11-

is contained in this agreement.  The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.


DANIEL J. MASTRELLA, ESQ.
Attorney for the Defendant

Dated: _____Aug. 25_____, 2005


Page One Auto Sales, Inc.
Defendant
By: Mark Palumbo, President

Dated: ____8/25/05____, 2005

-12-

# PAGE ONE AUTO SALES, INC.

### CERTIFICATE OF RESOLUTION
### OF
### BOARD OF DIRECTORS
### OF
### PAGE ONE AUTO SALES, INC.

I, Mark J. Palumbo, CERTIFY that I am the duly elected and qualified president of PAGE ONE AUTO SALES, INC. (herein called "Corporation"), that I am the sole director and shareholder of the Corporation and that the following is a true and correct copy of a resolution duly adopted at a meeting of the Board of Directors of the Corporation held on the 11th day of April, 2005, such meeting having been duly called and regularly held in conformity with the Certificate of Incorporation and the By-Laws of the Corporation:

**RESOLVED**, that this Corporation execute a certain plea agreement in the matter of The United States of America versus Page One Auto Sales, Inc. and agree to the terms and conditions contained therein; and be it further

**RESOLVED**, that the president of the Corporation be, and hereby is authorized to execute said agreement and to enter the plea agreed to therein on behalf of the Corporation.

**IN WITNESS WHEREOF**, I have hereunto set my hand and the seal of the Corporation this 11th day of April, 2005.

Mark J. Palumbo, President
Page One Auto Sales, Inc.